## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

COLD STONE CREAMERY, INC.,

             Plaintiff,

                                  Civil Action No. 08-CV-3582

      v.

PIN KNOX, INC., JACK PINNOCK and
JASON PINNOCK

             Defendants.

_____

## DEFENDANTS' AMENDED ANSWER TO VERIFIED COMPLAINT
## AND AFFIRMATIVE DEFENSES

The Defendants, Pin Knox, Inc., Jason Pinnock, and Jack Pinnock (collectively the "Defendants" or the "Pinnocks"), by and through their undersigned counsel and by corresponding paragraph number, hereby file their Amended Answer and Affirmative Defenses to the Verified Complaint.

## THE PARTIES

1.     The Pinnocks are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the complaint, and therefore, these allegations are deemed denied.

2.     Admitted in part; denied in part.  The Pinnocks admit that Pin Knox, Inc. is a Pennsylvania corporation.  However, the Pinnocks deny that its principal place of business is 1621 Murdoch Road, Philadelphia, Pennsylvania 19150.

3.     Admitted

4.     Admitted.

## JURISDICTION AND VENUE

5.      Denied.  The allegations of paragraph 5 of the complaint constitute conclusions of law to which no further response is required, and therefore, are deemed denied.

6.      Denied.  The allegations of paragraph 6 of the complaint constitute conclusions of law to which no further response is required, and therefore, are deemed denied.

7.      Denied.  The allegations of paragraph 7 of the complaint constitute conclusions of law to which no further response is required, and therefore, are deemed denied.

8.      Denied.  The allegations of paragraph 8 of the complaint constitute conclusions of law to which no further response is required, and therefore, are deemed denied.

9.      Denied.  The allegations of paragraph 9 of the complaint constitute conclusions of law to which no further response is required, and therefore, are deemed denied.

## FACTUAL BACKGROUND

### The Cold Stone Creamery Franchise System

10.      Denied.  The Pinnocks are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the complaint, and therefore, these allegations are deemed denied.   To the extent that an answer is required, the Pinnocks assert that plaintiff's system is not unique.

11.      The Pinnocks are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the complaint, and therefore, these allegations are deemed denied.

12.     The Pinnocks are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the complaint, and therefore, these allegations are deemed denied.

13.     The Pinnocks are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the complaint, and therefore, these allegations are deemed denied.

14.     The Pinnocks are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the complaint, and therefore, these allegations are deemed denied.

15.     Denied.  The Pinnocks are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the complaint, and therefore, these allegations are deemed denied.

16.     The Pinnocks are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the complaint, and therefore, these allegations are deemed denied.

17.     The Pinnocks are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the complaint, and therefore, these allegations are deemed denied.

18.     The Pinnocks are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the complaint, and therefore, these allegations are deemed denied.

19.     The Pinnocks are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the complaint, and therefore, these allegations are deemed denied.

20.     Denied.  The Pinnocks are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the complaint, and therefore, these allegations are deemed denied.

<b><u>The Franchise Agreement and the Sublease Agreement</u></b>

21.     Admitted.

22.     Admitted.

23.     Admitted in part; denied in part.  It is admitted that Jason Pinnock and Jack Pinnock are co-owners of Defendant, Pin Knox, Inc.  The remainder of the allegations in paragraph 23 of the complaint are denied.

24.     Denied. The document speaks for itself.

25.     Denied. The document speaks for itself.

26.     Denied. The document speaks for itself.

27.     Denied. The document speaks for itself.

<b><u>The Defendants' Defaults Under the Franchise Agreement<br>and the Sublease Agreement</u></b>

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied. The document speaks for itself.

33.     Denied. The document speaks for itself.

**The Franchise Termination and The Defendants' Ongoing
Intentional Infringement of Cold Stone's Trademarks and Trade Dress**

34.     Denied. The document speaks for itself.

35.     Denied. The document speaks for itself.

36.     Admitted in part; denied in part.  It is admitted that Cold Stone sent a notice to the

Pinnocks on October 11, 2007.  The remaining allegations contained in paragraph 36 are denied

either outright, or where appropriate, because the document speaks for itself.

37.     Denied.

38.     Denied.

39.     Admitted in part; denied in part.  It is admitted that Cold Stone sent a Notice of

Termination that purported to terminate the Franchise Agreement and Sublease Agreement.  The

remaining allegations contained in paragraph 39 are denied as the document speaks for itself.

40.     Denied.  The document speaks for itself.

41.     Denied.  The Pinnocks deny the underlying premise of the allegations contained in

paragraph 41 of the complaint, namely that plaintiff's termination of the Franchise Agreement and

Sublease Agreement was valid and proper.  Therefore, the Pinnocks deny that they have failed to

comply with their "post-termination obligations, and continue to knowingly and intentionally use

Cold Stone's trademarks, trade dress and other intellectual property described above in commerce

and outside the scope of the Franchise Agreement."

**COUNT I
BREACH OF CONTRACT – FRANCHISE AGREEMENT
(Against all Defendants)**

42.     The Defendants reallege their answers to each of the preceding paragraphs, as if

specifically set forth herein.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

## COUNT II
## BREACH OF CONTRACT – SUBLEASE AGREEMENT
### (Against all Defendants)

47.     The Defendants reallege their answers to each of the preceding paragraphs, as if specifically set forth herein.

48.     Denied.

49.     Denied.

## COUNT III
## FEDERAL TRADEMARK INFRINGEMENT
### (Against all Defendants)

50.     The Defendants reallege their answers to each of the preceding paragraphs, as if specifically set forth herein.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

## COUNT IV
## FEDERAL TRADEMARK AND TRADE DRESS DILUTION
### (Against all Defendants)

55.     The Defendants reallege their answers to each of the preceding paragraphs, as if specifically set forth herein.

56.     Denied. The Pinnocks are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the complaint, and therefore, these allegations are deemed denied.

57.     Denied.

58.     Denied.

## COUNT V
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### (Against all Defendants)

59.     The Defendants reallege their answers to each of the preceding paragraphs, as if specifically set forth herein.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

## COUNT VI
## FEDERAL TRADE DRESS INFRINGEMENT
### (Against all Defendants)

64.     The Defendants reallege their answers to each of the preceding paragraphs, as if specifically set forth herein.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

## COUNT VII
## COMMON LAW TRADEMARK INFRINGEMENT
### (Against all Defendants)

69.     The Defendants reallege their answers to each of the preceding paragraphs, as if specifically set forth herein.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

## COUNT VIII
## COMMON LAW UNFAIR COMPETITION
### (Against all Defendants)

74      The Defendants reallege their answers to each of the preceding paragraphs, as if specifically set forth herein.

75      Denied.

76      Denied.

## AFFIRMATIVE DEFENSES

The Defendants assert the following affirmative defenses:

1.      Plaintiff's complaint should be dismissed because it fails to state a claim or state a factual and/or legal basis for its claims.

2.      Plaintiff's complaint should be dismissed by reason of unclean hands.

3.      Plaintiff's claims are barred by reason of laches, including, but not limited to, based on the fact that plaintiff's purported termination of the Franchise Agreement (as defined in the complaint) and the Sublease Agreement occurred on April 23, 2008.

4.      Plaintiff's claims are barred by reason of waiver, including, but not limited to, based on the fact that plaintiff's purported termination of the Franchise Agreement (as defined in the complaint) and the Sublease Agreement occurred on April 23, 2008.

8

5.      Plaintiff's claims are barred based upon the equitable doctrine of acquiescence, including, but not limited to, based on the fact that plaintiff's purported termination of the Franchise Agreement (as defined in the complaint) and the Sublease Agreement occurred on April 23, 2008.

6.      The Pinnocks Jason Pinnock and Jack Pinnock have no personal liability with respect to the Franchise Agreement, the Sublease Agreement, or with respect to any document that may otherwise create liability in favor of Cold Stone.

7.      Plaintiff's claims are barred based upon its failure to mitigate its damages.

8.      Plaintiff's claims under <u>Count I and Count II</u> of the complaint should be dismissed based on the fact that Paragraph 30 of the Franchise Agreement (as defined in the complaint; see plaintiff's Exhibit #2 to the complaint) provides that any controversies or disputes which arise between the parties "related in any way to this Agreement or the relationship between the parties will be settled by binding arbitration, except for controversies or disputes where provisional or injunctive relief is sought." Plaintiff's claims under Count I (breach of contract under the Franchise Agreement), and Count II (breach of contract under the Sublease Agreement (as defined in the complaint) must be submitted to binding arbitration and may not be adjudicated as part of this action.

(The Pinnocks reserve any and all claims that they might otherwise assert against plaintiff, for binding arbitration, as provided for in paragraph 30 of the Franchise Agreement)

9.      Plaintiff is <u>not</u> entitled to a declaratory judgment or other determination: (i) ratifying and enforcing the Plaintiff's purported termination of the Franchise Agreement and the Sublease Agreement; (ii) stating that the conduct of the Pinnocks violated the terms of the Franchise Agreement and the Sublease Agreement, and/or that  the conduct of the Pinnocks constitutes grounds for terminating the Franchise Agreement and the Sublease Agreement; or (iii) directing the

Pinnocks to comply with any post-termination obligations under any agreement(s) with Plaintiff; based on the fact that Paragraph 30 of the Franchise Agreement (as defined in the complaint; see plaintiff's Exhibit #2 to the complaint) provides that any controversies or disputes which arise between the parties "related in any way to this Agreement or the relationship between the parties will be settled by binding arbitration, except for controversies or disputes where provisional or injunctive relief is sought."

The issues of whether: (i) the Plaintiff's purported termination of the Franchise Agreement and the Sublease Agreement was valid and proper; (ii) the Pinnocks violated the terms of the Franchise Agreement and the Sublease Agreement; and (iii) whether the Pinnocks must comply with any post-termination obligations under any agreement(s) with Plaintiff, must be submitted to binding arbitration and may not be adjudicated as part of this action.

10.    Plaintiff's claims for damages, whether compensatory, general, special, and/or for damages Plaintiff contends it has sustained and/or any profits that the Plaintiff contends that the Pinnocks have derived "as a result of their actions," (which Plaintiff contends should be assessed in a separate accounting procedure and trebled), as well as Plaintiff's claims for prejudgment interest, costs and attorney's fees, should be dismissed based on the fact that Paragraph 30 of the Franchise Agreement (as defined in the complaint; see plaintiff's Exhibit #2 to the complaint) provides that any controversies or disputes which arise between the parties "related in any way to this Agreement or the relationship between the parties will be settled by binding arbitration, except for controversies or disputes where provisional or injunctive relief is sought."  While the Court has jurisdiction, pursuant to the parties' arbitration agreement, to hear issues relating to whether or not "injunctive relief" is or should be granted, issues relating to whether or not damages may or should be awarded

to the Plaintiff, must be submitted to binding arbitration and may not be adjudicated as part of this action.

11.     Plaintiff's claims should be dismissed because of a variety of false and misleading representations and omissions on the part of plaintiff, on which the Pinnocks relied in entering into subject agreements.

12.     Plaintiff is not entitled to injunctive relief because it has not suffered irreparable harm.

13.     Plaintiff is not entitled to injunctive relief because the balancing of the harms favors the Pinnocks.

14.     Plaintiff is not entitled to injunctive relief because the grant of such relief would not be in the public interest.

15.     Plaintiff has not suffered any damages to its goodwill and reputation, or otherwise (and will not suffer such damages, prospectively).   Plaintiff should not be permitted to recover any damages.

WHEREFORE, Defendants respectfully demand that judgment be entered denying any and all relief that Plaintiff has requested and dismissing Plaintiff's complaint with prejudice, together with the costs and disbursements of the action, including, but not limited to, any and all legal and other fees incurred in the defense thereof; and that Defendants have other and further relief as this Court deems just and proper.

Respectfully submitted,

_s/Harris J. Chernow_____
Harris Chernow (PA ID 52577)
CHERNOW KATZ LLC
721 Dresher Rd., Suite 1100

Horsham, PA 19044-2360
Tel: 215-659-3600
Fax: 215-659-3222
Email: hchernow@chernowkatz.com
Local Counsel for Defendants

and


Richard L. Rosen (NY #3114)
Email: rlr@rosenlawpllc.com
Leonard S. Salis (NY #0836)
Email: lss@rosenlawpllc.com
(to be admitted *pro hac vice*)
*The Richard L Rosen Law Firm, PLLC*
Address: 110 East 59th Street, 23rd Floor
New York, New York 10022
Telephone:  (212) 644-6644
Facsimile:   (212) 644-3344
Trial Attorneys for Defendants


Dated: September 12, 2008